**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>The MacMillin Company, Inc.</u>

  v.            Civil No. 07-cv-177-JM

<u>New England Surface Preparation, Inc.</u>

**O R D E R**

Defendant moves for dismissal for lack of personal jurisdiction over it based upon an alleged failure to properly serve it fourteen days before the return date – prior to removal. The parties have filed a flurry of arguments, none of which need to be considered.

For 150 years New Hampshire law has been that "except when the party appears for the sole purpose of making objection to the authority of the court to proceed," the mere appearance of a party is sufficient to confer jurisdiction on a New Hampshire court. <u>March v. Eastern Railroad Company</u>, 40 N.H. 548, 583 (1860). Under New Hampshire practice:

> [a] Special Appearance is filed on the same form as a General Appearance, with the exception that the word "Special" is added to the title.

Wiebusch, <u>New Hampshire Practice Civil Practice and Procedure</u>, § 15.18 (2d Ed. 1997). The record certified from the Cheshire

County Superior Court, Document 4, p. 2, is a copy of defendant's <u>general</u> appearance on June 5, 2007.  The word special does not appear.  In short, prior to removal the defendant had waived any objection to improper service and conferred jurisdiction on the New Hampshire court.  This court did not lose personal jurisdiction by the removal, but rather retains the personal jurisdiction over defendant conferred by that general appearance.

The motion to dismiss (Document no. 9) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: September 12, 2007

cc:   Naomi L. Mooney, Esq.
      Frank P. Spinella, Jr., Esq.
      Ralph R. Woodman, Jr., Esq.